**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GoE3 Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>Eaton Corporation,<br><br>Defendant. | No. CV-16-03449-PHX-JJT<br><br>**ORDER** |

At issue is Defendant and Counter-Claimant Eaton Corporation's ("Eaton") Motion for Summary Judgement (Doc. 35, Mot.), to which Plaintiff and Counter-Defendant GoE3 Limited Liability Company ("GoE3") filed a Response (Doc. 41, Resp.), and to which Eaton filed a Reply (Doc. 45, Reply). No party requested oral argument, and the Court finds the Motion ripe for resolution without such argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court will grant Eaton's Motion

## I. BACKGROUND

GoE3 sells and installs electric vehicle charging stations to gas stations and other entities for the purpose of recharging electric vehicles. On May 31, 2012, GoE3 submitted a purchase order to Eaton for a quantity of charging stations: 120 units of Eaton's "E3 Combo L123 with Marketing Kit" and 360 units of Eaton's "E2 level 1, 2 with top hat kit." (Doc. 36-2, Def's Supplemental Statement of Facts ("SSOF") Ex. B.) In conjunction with its purchase order, GoE3 agreed to the terms and conditions contained within Eaton's Selling Policy, which included, *inter alia*, an express clause limiting the

buyer's remedy for a breach of the contract to the purchase price of the product. (Def's SSOF Ex. E at 5.)

At some point, the deal between GoE3 and Eaton went awry, culminating in GoE3 filing this matter in Maricopa County Superior Court on August 25, 2016. (Doc. 1-2, Compl.) Eaton timely removed to this Court on the basis of diversity jurisdiction, (Doc. 1, Notice of Removal). Following removal, Eaton filed its Answer and Counterclaim, which contained claims against GoE3 for breach of contract and breach of the covenant of good faith and fair dealing. (Doc. 11, Answer & Countercl.)

In its Complaint, GoE3 alleges that Eaton breached the terms of its agreement by "suppl[ying] defective equipment," delivering equipment that "was not what was ordered," and failing to respond "regarding service." (Doc. 1-2, Compl. ¶ 3.) GoE3 additionally alleges that Eaton conspired with two former GoE3 employees to defraud GoE3. (Compl. ¶ 8.) Although GoE3's allegations are bare bones—and arguably insufficient under Federal Rule of Civil Procedure 8(a)—GoE3's owner, Bruce Brimacombe, provided deposition testimony clarifying the bases for GoE3's allegations. In particular, Brimacombe testified that Eaton delivered charging stations that failed to comply with GoE3's expectations by including the wrong charging plugs, incorrect screens, and by failing to build the stations to the correct temperature ratings, among other deficiencies.

Eaton now moves for summary judgment on the entirety of GoE3's Complaint.

## II. LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the

entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256–57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

**III.    ANALYSIS**

In its Motion, Eaton moves for summary judgment on GoE3's breach of contract claim on two bases. First, Eaton contends that the Statute of Frauds prohibits GoE3 from enforcing the material terms of a contract which were not reduced to writing. (Mot. at 3–6.) Second, Eaton argues that, even if GoE3 can demonstrate a breach of contract, its damages are limited to the cost paid by GoE3.[1]

---

[1] Eaton additionally moves for summary judgment on GoE3's conspiracy claim; however, GoE3 offers no argument in response to Eaton's Motion and explicitly withdraws its conspiracy claim in a separate pleading. (*See* Doc. 49). The Court thus grants Plaintiff's Motion as to this claim and will dismiss GoE3's civil conspiracy cause of action.

- 3 -

In Arizona,[2] a plaintiff must prove the existence of a contract, its breach, and the resulting damage to prevail on a breach of contract claim. *Coleman v. Watts*, 87 F. Supp. 2d 944, 955 (D. Ariz. 1998) (citing *Clark v. Compania Ganadera de Cananea, S.A.*, 387 P.2d 235, 237 (Ariz. 1963)). Under the Uniform Commercial Code, a contract for the sale of goods at a price of $500 or more may not be enforced "unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought." A.R.S. § 47-2201. This requirement, commonly referred to as a Statute of Frauds, is an affirmative defense that a defendant may raise in response to an action attempting to enforce a contract.[3] *Double AA Builders, Ltd. v. Grand State Constr. L.L.C.*, 114 P.3d 835, 842 (Ariz. Ct. App. 2005). The Statute of Frauds applies with equal force to modifications of a contract "if the contract as modified is within its provisions." A.R.S. § 47-2209; *Best v. Edwards*, 176 P.3d 695, 698 (Ariz. Ct. App. 2008) ("[T]he modification of a material term of an agreement . . . must also be in writing."). If a written instrument exists, the contract does not fail for indefiniteness "even though one or more terms are left open," but there must be "a reasonably certain basis for giving an appropriate remedy." A.R.S. § 47-2204.

Here, the parties do not dispute the existence of some contractual relationship between them. (*See* Reply at 1 ("Eaton expressly acknowledged in its Motion that it had a contract with GoE3 to sell a quantity of electric vehicle charging stations for a specified

---

[2] The parties neither address why Arizona law governs the interpretation of the purported contracts at issue in this action, nor provide any facts that would aid the Court in determining the proper choice of law governing the contracts at issue. *See Swanson v. Image Bank, Inc.*, 77 P.3d 439, 442 (Ariz. 2003) (applying Restatement (Second) of Conflict of Laws to determine applicable law in a contract action). Because neither party contests its application, the Court will apply Arizona contract law for the purpose of summary judgment.

[3] Ordinarily, a defendant must plead each of its affirmative defenses, including the Statute of Frauds, in its response to the complaint. Fed. R. Civ. P. 8(c)(1). Eaton, however, arguably fails to so plead. (*See* Answer & Countercl. ¶ 18.) "In the absence of a showing of prejudice, however, an affirmative defense may be raised for the first time at summary judgment." *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993). GoE3 does not contest Eaton raising this defense, and thus, does not demonstrate any prejudice. Eaton thus may raise the defense now.

price.").) Rather, the parties dispute what terms, precisely, were embodied in the final agreement between the two companies.

As GoE3 concedes, the terms that it now seeks to enforce were contained within modifications to the original contract. (Resp. at 2 ("There were a number of documents that made up the contract: an original contract and a number of written modifications."); Doc. 40, Pl's Resp. to Def's SSOF ¶¶ 6–8 ("There is a written agreement modified in writing.").) Thus, the Statute of Frauds will preclude enforcement of those modifications unless a written document exists. *See Best*, 176 P.3d at 698. GoE3, however, has not introduced—and the record does not contain—the written documents that GoE3 seeks to enforce. To be sure, GoE3 has submitted a declaration by Brimacombe stating that "[t]he agreements we reached, which Eaton breached, are contained in the written documents which I identified as the contract in my deposition." (Doc. 42-1, Brimacombe Decl. ¶ 1). But this statement alone does not place those documents into the summary judgment record, and the Court thus cannot, and will not, consider them. Because GoE3 fails to produce the written modifications at summary judgment, it fails to demonstrate that the terms of those agreements are enforceable, pursuant to the Statute of Frauds.

Moreover, even if GoE3 were not required to produce written documents to overcome the Statute of Frauds defense, it has produced no evidence—written or otherwise—demonstrating that Eaton ever assented to the terms that GoE3 now seeks to enforce. Again, although Brimacombe's Declaration indicates that documents exist, Brimacombe fails to indicate what was agreed upon in those documents. (*See* Brimacombe Decl. ¶¶ 1–3.) At best, the evidence in the summary judgment record demonstrates that the charging stations that GoE3 purchased did not have particular features and functions that GoE3 desired. (*See* Doc. 36-4, Def's SSOF Ex. D, Brimacombe Dep.) However, GoE3 points to no evidence that Eaton ever agreed to provide those features or functions, or that an ordinary purchaser would understand those terms and conditions to be part of the initial contract. Thus, notwithstanding the Statute of

Frauds, GoE3 fails to demonstrate that the terms it purports Eaton breached were ever part of the parties' contract.

Finally, GoE3 argues that Eaton's assertion of a Statute of Frauds defense fails because GoE3 partially performed under the terms of the contract by paying $1.4 million of the purchase price. Notwithstanding GoE3's failure to place any evidence into the summary judgment record of a payment to Eaton, this argument fails. The partial performance exception to the Statute of Frauds is an equitable doctrine which a court should not invoke "unless necessary to avoid injustice." *Owens v. M.E. Schepp Ltd. P'ship*, 182 P.3d 664, 669 n.2 (Ariz. 2008). Thus, the act of partial performance must "be 'unequivocally referable' to the alleged agreement" for an exception to apply. *Id.* (quoting Restatement (Second) of Contracts § 129 cmt. d). Even if evidence were in the record to show GoE3's partial performance, GoE3 presents no argument relating that performance to the purported modifications of the contract rather than the original contract between the two parties. GoE3 thus does not show that the limited exception should apply in this instance.

Accordingly, GoE3 cannot demonstrate that the terms it seeks to enforce were part of any contract between the two parties. GoE3's claims then necessarily fail, because without a contract, no breach may occur. The Court thus will grant Eaton's Motion and dismiss the Complaint, with prejudice.[4]

---

[4] Even if GoE3 could produce evidence sufficient to show that Eaton breached a contractual obligation, GoE3's damages would be limited to the purchase price of the product. GoE3 does not dispute that, as a term of its contract with Eaton, it agreed to such a limitation of Eaton's liability. (Pl's Resp. to Def's SSOF ¶¶ 11–14.) Although GoE3 cites to *Roberts v. Morgensen*, 659 P.2d 1307 (Ariz. Ct. App. 1982), the case is inapplicable to this matter. In *Roberts*, the Arizona Court of Appeals held unenforceable a clause of a contract which limited a purchaser's remedy "to repair and replacement of non-conforming parts" because the remedy "failed of its essential purpose" where the seller failed to repair and replace the non-conforming parts. *Id.* at 1312. GoE3 presents no evidence, nor offers any argument, to show that the clause at issue "fails of its essential purpose." The clause thus would be enforceable because GoE3 has conceded that it was contained within the contract.

IT IS THEREFORE ORDERED granting Eaton's Motion for Summary Judgment (Doc. 35). Eaton is entitled to summary judgment on the entirety of GoE3's Complaint. Eaton's Counterclaims shall proceed to trial.

Dated this 28th day of August, 2018.

_____
Honorable John J. Tuchi
United States District Judge